The action stood over for advisement, and, al this term, the opinion of the Court was delivered by
Parker, C. J.
The question we have principally considered in this case is, whether, according to the terms of the indenture, which contains the covenants, for the breach of which the action is brought, there has been any such award of rent, subsequent to the time during which the rent was fixed by the instrument itself, as will subject the assignee of the lease to an action on the covenants.
The premises were demised to John Smith, his heirs, and assigns, for the term of nine hundred and ninety-nine years, “ upon condition that he or they shall, in the month of May, pay, or cause to be paid, at the end of each year of the first seven years of said term, thirteen dollars and seventy-one cents, to the rector or the churchwardens, or to his or their successors ; and, for the remainder of said term, that *322 the said lessee or occupant of the premises, by virtue of these presents, shall annually pay, as aforesaid, such rent as three or five arbitrators, of said Dedham, or adjoining towns, disinterested, as may be equally chosen by the parties to these presents, in ‘ the eighth year from and after the date hereof, shall award and indorse hereon.”
The plaintiffs, after having averred that the defendant became the assignee in law of the premises, and that she entered upon and occupied the same, after the .death of John Smith, the original lessee, and her husband, of whose * estate she was administratrix, have proceeded to aver, that, after the expiration of the seven years from the date of the indenture, she, together with the rector and wardens, did equally choose three arbitrators, according to the condition of the indenture ; who did award, that the rent, payable annually, after the first seven years, should be sixty-five dollars ; and that five years’ rent at that rate remains due and unpaid. It is not averred, that the arbitrators were chosen, or that their award was made, within the eighth year after the making of the indenture, — or that the award, when made, or since, has been indorsed upon the indenture, according to the terms of the condition thereof.
Had there been a demurrer to the declaration, after oyer of the indenture, these two points might have been more distinctly considered. But, as the legal effect of the doings of the arbitrators, both as to the time and manner of the execution of their trust, is a question which was made at the trial, and presented for our opinion, we are regularly brought to the discussion.
Upon the production of the indenture by the plaintiffs at the trial, in order to support their action, it appeared, that a writing, purporting to be an award of the arbitrators, bearing date on the 28th of August, 1809, was annexed by wafers to the indenture, and not indorsed thereon ; and that, according to that paper, the rent was fixed by the arbitrators at forty dollars per annum after the first seven years. The indenture was made on the first day of May, 1800 ; so that this writing was not made by the arbitrators until after the expiration of the eighth year.
The objection, which has been made to the award on this ground, 'we think, hovvever, ought not to prevail. For, as one of the parties to the instrument, and the legal representative of the other party, mutually proceeded to execute the contract, by choosing arbitrators after the time stipulated in the lease ; we must consider both as having waived any advantage resulting from the lapse of time, and as substituting, by agreement, the time when the trust * was executed by the arbitrators for the time stipulated in the lease. Besides, the defendant cannot now object to the paper, as an award, on account of the time ; because she has *323 pleaded it as an award made pursuant to the indenture, and is, thereby, estopped from denying it to be such. Indeed, the defend ant is content to consider this as a legal award of the rent ; and it is from the plaintiffs that the principal objection comes, with a view to net up another and different award, which they allege, and, indeed, proved at the trial, to be the true award of the arbitrators ; that which is annexed to the indenture having, by carelessness and mistake, been substituted for the one really made between these parties.
It is indubitably proved by the plaintiffs, that the paper claimed to be an award by the defendant (and which, if it were so, would be a sufficient answer to the action, as it would prove that there was no such award as the plaintiffs have averred) was not, in fact, made between the parties, and was not intended either to be annexed to, or indorsed upon, this indenture ; but that the arbitrators, altogether by mistake, having written their award upon a loose paper, instead of putting it upon the lease, and having at the same time made another award between the plaintiffs and another party, upon another indenture, unfortunately changed the papers, and annexed the wrong one to each indenture. These facts, however, were proved, and could only be proved, by parol evidence ; and it certainly would be difficult for a court of law to correct the mistake.
A court of chancery would, probably, in such a case, direct the papers to be changed, or the award upon each instrument to be altered, conformably to the true intent of the parties and of the arbitrators ; as was done in the case of a policy of insurance, in which a mistake had been made in the name of a ship insured. (8) But we have no such authority ; and, for aught we see, the error would have been, incurable, if the several awards had been actually * indorsed upon the indentures, pursuant to the agreement of the parties to them.
This consequence also makes it important to consider the difference between annexing the award to, and indorsing it upon, the indenture ; which, although, prima facie, it would seem of little moment, yet, probably, was the cause of the mistake which is now so perplexing to the parties. For it is hardly possible, that such a mistake should have been made, or not seasonably detected, if the arbitrators had undertaken to write the awards upon the back of the indentures respectively.
We perceive, too, sufficient reason for the caution of the original parties to the lease, in requiring the doings of the arbitrators to be entered on the back of the indenture. The rent to be fixed by them was to remain for nearly a thousand years, and made an essential part of the title to the estate. It was, to all imaginable purposes, a fee *324 simple estate, clogged with a ground rent, which materially impaired its value. The award, according to the original stipulation, was to become a part of the muniments and documentary title, and to pass down to future time with the same solemnity as any of the covenants in the body of the indenture. It was wise, therefore, if not necessary, that it should be so placed as that it never could be disconnected from the title ; and that whatever assignee should, for many generations to come, be possessed of the indenture and the t’tle, he should have with it the evidence of the terms upon which it should be liolden. The mode adopted by the parties to effect this intention was, that the award should be indorsed upon the lease ; and either party might well refuse to consider any thing as an award, which was not so indorsed. For he might well apprehend, that, at some distant period, the evidence would otherwise be lost upon which the value of the estate so much depended. Indeed, in the very outset, the importance of the provision has been made to appear, to the sore prejudice at least of one of the parties.
* For these reasons we are satisfied, that the defendant has not shown, according to her plea, an award pursuant to the contract between the plaintiffs and John Smith, the original lessee ; and that, so far, she does not succeed in the main object of her defence, which seems to be, to establish her rent at forty dollars instead of sixty-five, contrary to good faith and the real agreement of the parties. For she cannot be ignorant of the mistake, having had early notice of it by a written certificate of the arbitrators themselves.
But we are sorry to say, that this failure on the part of the defendant does not tend to establish the right of the plaintiffs to recover in this action. They have succeeded in showing that the award set up by the defendant is bad ; but they have failed to show that the one, under which they claim, is good. The paper offered in evidence by them, to prove their averment of an award for sixty-five dollars, is neither indorsed upon the indenture, nor annexed to it. It subsists only on loose paper and parol testimony ; and is, therefore, liable to all the objections, and in a greater degree, which have been suggested against the award set up by the defendant. It would be monstrous, that the rent of this estate, to continue for ever, as we may almost say, should depend upon oral testimony, or upon writings wholly disjoined from the documents of the title ; and it would be directly in opposition to the express provisions of the parties to the original contract.
The plaintiffs, therefore, have failed to show an award which entitles them to recover ; and, indeed, have failed to aver such an one ; so that they must fail in their action.
There are other questio- a in the cas». in which the plaintiffs would *325 have met with some difficulty, if it had been necessary to settle them. The indenture is made between the rector, wardens, and vestry of the episcopal church in Dedham, and is so set out in the declaration. Every covenant is made with the rector, wardens, and vestry ; and yet the action is brought by the rector and * wardens only. It is said, that the rent is to be paid to the rector or tlie wardens, and, therefore, the action may be Drought by either of them, without the vestry. But, when covenants are made by and between two or more parties, although the covenant may be for the benefit of a third person mentioned in the instrument, the action must nevertheless be brought by one of the parties. (9) The covenants in this indenture are with the rector, wardens, and vestry, to pay the rector or wardens. There is no covenant with the latter alone. Besides, are the rector and wardens a person known in law, capable of suing and being sued ? By our statute of 1785, c. 51, § 1, respecting grants and donations to pious uses, the wardens of episcopal churches are the body corporate, to sue and be sued ; except where the minister or vestry have been joined in the donation ; and those constitute the corporation. This indenture was made by rector, wardens, and vestry ; from which we may presume the grant was made to them ; and, if so, the rector and wardens alone are not entitled to maintain any action.
As to the objection insisted on by the defendant’s counsel, that she, as administratrix, is not liable upon the covenants in the indenture, because she is not a lawful assignee, we think it has no weight. As administratrix she became possessed of a leasehold estate, and so is assignee in law ; until she shows that she is lawfully discharged of the estate. It is averred, that she entered after the death of her husband, and became the occupant; and she cannot, with any truth, deny her interest and liability, after having interposed so far as to submit to the arbitration, and participate in the choice of the arbitrators.
The consequences of our decision upon the principal question, as they may affect the interest of the parties, we are not bound to look into, being satisfied of the law. We have given opportunity to make an equitable adjustment, or to agree upon a new arbitration, after intimating that there were great difficulties in the cause. The parties * must now stand upon their legal rights ; and, ! if both should be surprised to perceive the relation in which they stand, the fault is their own.
The verdict must be set aside, and a new trial is granted ; in which, however, it will be impossible, for the reasons already stated, for the plaintiffs to prevail.

 1 Atk 545

 Abbott on Shipping, 187. — 2 Lev. 74. — 3 Lev. 138. — 2 Inst. 673. — 1 Esp. Dig 344.-2 Roll Abr. 22.