The opinion of the Court was delivered at April term 1823, at Taunton, by
Parker C. J.
There is no question but that the plaintiff may maintain this action of trespass, if his special property in the goods continued after their removal within the State of Rhode Island. The cases cited by the defendants’ counsel show only that possession in the plaintiff is necessary to main tain trespass ; but the legal possession may be in one who has not the actual keeping of the goods, so as to entitle him to the action of trespass. Where the person, who has the custody merely, is the servant of him who commits the goods to his care, the lawful possession is in him who has the general or special property. It has even been decided, that the servant in such case cannot himself maintain trover for the goods, if taken out of his possession ; and the reason given is, that the special property remains in the master.[2] If goods committed to a carrier are wrongfully taken from him, the owner may have trespass. 4 D. & E. 490. If trespass be done to goods m the hands of a bailee, trespass lies for the bailor. 2 Rol. Abr. 569, Trespass, P 5. A constructive possession is sufficient, 1 D. & E. 480.
Then the inquiry is, whether the special property of the plaintiff was determined on the goods being carried into the State of Rhode Island ; and there is no pretence for this, for *241 the officer had the contract of his bailee to redeliver them when they should be wanted ; and if they were brought to him when he should want them to satisfy the execution, they would be considered as holden from the time of the attachment. There seems to be no difference, as to the authority of the officer over the goods, between carrying them just over the line of an adjoining State, and carrying them into an adjoining county ; for he has as much authority in the one place as the other. Then, supposing them to be in the custody and possession of the plaintiff when taken by the defendants, as they may be legally held to be, the taking was a trespass for which the defendants must be answerable in damages.

Judgment according to the verdict.

 Ludden v. Leavitt, 9 Mass. Rep. 105; Bond v. Padelford, 13 Mass. Rep. 395. Contra, Poole v. Symonds, 1 N. Hamp. R. 289. See also Burrows v Stoddard, 3 Conn. R. 160; Dillenback v. Jerome, 7 Cowen, 294; Mitchell v Hinman, 8 Wendell, 667