## CHANDLER EASTMAN *versus* ISAIAH AVERY.

*A delivery of personal property for security* is not a transfer on condition, and does not constitute a mortgage thereof, but a pledge merely; and if the pledgee voluntarily relinquishes the possession of the property to the pledgor, and does not regain it, his right thereto against third persons ceases.

Where goods are attached by an officer and delivered to a third person for safe keeping, the latter is but the servant of the officer, and cannot maintain replevin against one who shall take them from him.

REPLEVIN for a pair of oxen and a cow. Plea that the defendant as an officer, attached them as the property of Hazen Eastman, whose property they were.

At the trial, before TENNEY J. it appeared that the oxen and cow were once the property of Hazen Eastman, and as such had been attached by Adams on a writ in favor of Sweetser, and delivered to the plaintiff as receipter therefor; that such proceedings were had, that the plaintiff became liable to Adams for the value of the property, because he did not restore it to him on demand; that afterwards Hazen Eastman, in the words of the witness, "did deliver the property to the plaintiff as security on that account;" that the plaintiff then told Hazen Eastman, that he might keep the cattle until he, Chandler Eastman, was called upon to pay the execution; and that Hazen Eastman did keep them in his possession until they were taken from him by the defendant by virtue of an attachment thereof on a writ in favor of Zebulon Pease against Hazen Eastman.

*A. G. Jewett,* for the plaintiff, contended that the action could be maintained upon this evidence. The plaintiff did not stand in the mere relation of servant of the officer, but of a creditor of Hazen Eastman, who had transferred the property as security for the plaintiff's liability. He had the ownership, and the right to take immediate possession of the property, and that is all that is necessary to maintain trover, trespass, or replevin. It was, too, that description of property, which the statute permits to remain in the possession of the former owner, without subjecting it to attachment.

*A. W. Paine,* for the defendant, argued :

1. That the plaintiff, as receipter, could not maintain the action. He is the mere servant of the officer. 9 Mass. R. 112, 265 ; 14 Mass. R. 217 ; 7 Cowen, 294 ; 8 Cowen, 137.

2. The contract existing between the plaintiff and Hazen Eastman was that of pledge only, and not mortgage ; and therefore possession must not only be given but retained. A mortgage is a conveyance by which the legal title passes conditionally to the mortgagee, and if not redeemed at the time, the title becomes absolute. In a pledge a special property only passes, the general property remaining in the pledger. This is no more than a pledge. Story on Bailm. § 287 ; 2 Story's Eq. § 1030 ; 15 Maine R. 49 ; 2 Ves. Jr. 378 ; 2 Pick. 610 ; 12 Pick. 81 ; 8 Pick. 236 ; 12 Pick. 320.

The opinion of the Court was by

Tenney J. — The property in dispute was attached as that of Hazen Eastman, on a writ in favor of one Sweetser, and the officer delivered the same to the plaintiff, and took from him an engagement to redeliver it on demand. Judgment and execution having been obtained in the action, legal and seasonable demand was made upon the plaintiff, who refused to deliver the property. Hazen was absent at the time of the attachment, and did not return till after the plaintiff was called upon for the cattle, and had no knowledge of these proceedings.

From these transactions, the plaintiff was merely the servant or bailee of the officer, who made the attachment, and had no special property in the goods, so that he can maintain this action. *Ludden* v. *Leavitt,* 9 Mass. R. 104 ; *Bond* v. *Padelford,* 13 Mass. R. 395 ; *Brownell* v. *Manchester & al.* 1 Pick. 232.

After the liability of the plaintiff to the officer became fixed by the demand upon him and his refusal, he informed Hazen Eastman thereof, and wished him to turn out the property attached, as his security. Hazen thereupon did deliver the property to him on that account, and immediately after, there

being no removal of the cattle, Hazen and the plaintiff agreed, that the former might keep the cattle, till the latter should be called upon, to pay the execution. The cattle thereafterwards remained in the possession of Hazen, until he exchanged a part of them for other property, and a part he slaughtered. Hazen paid the whole of the execution, the plaintiff never having been called upon to pay any part thereof after he took delivery of the cattle from Hazen. Eighty dollars of the execution was paid after the alleged taking by the defendant.

The goods having been delivered to the plaintiff by the general owner for the purpose of security, the contract was that of a mortgage or a pledge. By the former, the whole legal title would pass to the mortgagee, and would become absolute at law in him, on the failure of the mortgagor to redeem at the stipulated time. After delivery possession in the mortgagee is not essential. A pledge is defined to be a bailment of some personal property as security for some debt or engagement. The general property in such a contract remains in the pledger, and only a special property passes to the pledgee. Story on Bailments, 197. To render a pledge valid as security, there must be a delivery; and continued possession in the pledgee is indispensable for its preservation, and on a restoration to the pledger, of the possession, the pledge no longer exists. It is upon the ground of possession, that the lien thus created can be maintained, and it ceases upon its relinquishment.

It may have been the intention of the parties to this agreement, that the measures taken, should render the security perfect, and their expectation, that it was in reality accomplished. But if they mistook the law and the mode of doing the business, their intention will not supply any essential defects in the contract. From the evidence, there was wanting in the transaction some of the peculiar characteristics of a mortgage. A delivery of property for security is not a transfer of that property on a condition. The contract, by its terms and the apparent design of the parties, was in the nature of a pledge as defined by jurists. By the delivery the plaintiff

was entitled to the possession of the goods, which he could have retained by himself or his agent; but this he voluntarily relinquished, and never regained it afterwards; and thereby one of the necessary elements of a pledge at the time of the commencement of this suit was wanting, and the basis of the action fails.

*The plaintiff must become nonsuit.*