## Case No. 1,973.

### In re BROWN et al.

[Cited in Re Clemens, Case No. 2,878. Nowhere reported; opinion not now accessible.]

---

## Case No. 1,973a.

### In re BROWN.[1]

District Court, E. D. Pennsylvania. October 21, 1867.

BANKRUPTCY—LIABILITY OF ASSIGNEE FOR RENT.

[An assignee occupying premises rented by the bankrupt should pay rent on the same footing as under an execution, and an equal amount as storage may be paid in addition, so long as the assignee necessarily occupies the premises.]

[Cited in note to In re Appold, Case No. 499.]

[In bankruptcy. In the matter of Samuel C. Brown. Petition of William D. Sponsler, assignee, for an order to pay rent to John D. Gorgas. Granted.]

The petition of William D. Sponsler, assignee of the said bankrupt, respectfully represents: That, by an agreement dated February 7, 1866, the said bankrupt rented from John D. Gorgas, of Carlisle, certain store room at a rent of $400 per annum, payable in equal quarterly payments; that the said bankrupt was in possession and occupied said premises at the time he was adjudged a bankrupt by your honorable court; that your petitioner is in possession and now occupies the said premises, and will require to use them for some short time yet; that on July 1, 1867, previous to the said Brown being declared a bankrupt, there was, as your petitioner is informed, and as appears by the affidavit of John D. Gorgas, the said landlord, hereto attached, due to the said Gorgas rent to the amount of $170, and on the first day of October, 1867, the amount due was $270; that the said landlord has demanded payment of the said rent, and has authorized a distress to be made upon the goods on the said premises, to enforce payment thereof. Your petitioner further represents that it will be to the interest of the parties concerned if payment of the rent aforesaid be directed by your honor to be made by your petitioner. He therefore prays your honor to grant him an order directing him to pay the said rent accrued up to October 1, 1867, and also allowing him to pay rent at the rate aforesaid for such time as he may find it necessary to use and occupy the said premises.

CADWALADER, District Judge. I am of opinion that rent, as such, should be paid on the same footing as under an execution, and that an equal amount as storage may be paid in addition, so long as the assignee may necessarily occupy the premises. Let an order be entered for the payment of the within amount as accrued.

---

## Case No. 1,974.

### In re BROWN.

[4 Ben. 142;[1] 3 N. B. R. 720 (Quarto, 178).]

District Court, S. D. New York. May Term, 1870.

BANKRUPTCY—PREFERRED CLAIM—OPERATIVE'S LABOR—ASSIGNMENT.

Laborers in the employ of a brick-maker rendered service to him, and, on a settlement of their accounts, more than $50 was found due to each. The employer had no money to pay them, and, as they needed money, to enable them to return to their homes, they applied to one L., who advanced each of them $10, under an agreement that he was to collect the amount due to each, and repay himself the amount advanced, with interest and expenses. Each of them gave to L. an absolute assignment, in writing, of his claim. The employer having been, within six months thereafter, adjudged a bankrupt, L. presented to the assignee in bankruptcy the assignments, and prayed that $50 should be allowed on each claim, as a preference, under the 27th section of the bankruptcy act [14 Stat. 529]. *Held*, that the claims must be allowed.

In bankruptcy.

[The bankrupt (Stephen Brown) was a brick-maker, and employed a large number of laborers at Coxsackie, Greene county, N. Y., where his business was located; and on or about the 20th December, 1869, settled with the laborers hereinafter mentioned, and a balance was struck and the amount set opposite to their respective names found due to

---

army of the United States, any free, effective, able bodied man, between the ages of eighteen and fifty years; which enlistment shall be absolute and binding on all persons under the age of twenty-one years, as well as upon persons of full age, such recruiting officer having complied with all the requisitions of the laws regulating the recruiting service." Section 3 repeals so much of the 5th section of the act of January 20, 1813, as requires the consent of the parent in writing. 3 Stat. 146.

1815, March 3, vol. 4, p. 825, c. 760. "Fixing the military peace establishment." Section 7. The several corps authorized by this act, shall be subject to the rules and articles of war, be recruited in the same manner, and with the same limitations, &c., as are authorized by the act of 16 March, 1802. See note, vol. 4, p. 826. 3 Stat. 224.

1817, March 3, Pamph. p. 251, c. 65. Peace establishment of marine corps. Reduced to 750 privates. 3 Stat. 376.

1820, May 15, Pamph. p. 114, c. 132. Boys for the navy to be enlisted. 3 Stat. 606.

1834, June 30, Pamph. p. 88, c. 132. "Better organization of the marine corps." Section 1. To consist of 1,000 privates. Section 2. Subject to the laws and regulations for the better government of the navy, except when detached for service with the army. Section 3. Shall take the oath prescribed by law; all enlistments to be for four years. 4 Stat. 712.

1837, March 2, Pamph. p. 27, c. 21; for the enlistment of boys in the naval service. Section 1. That it shall be lawful to enlist boys for the navy, with the consent of their parents or guardians, not being under thirteen, nor over eighteen, years of age, to serve until they shall arrive at the age of twenty-one years. 5 Stat. 153.

[1] [Not previously reported.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

them and each of them, for labor performed, by the bankrupt, within six months prior to the filing of his petition.

[To wit:

| | |
|---|---|
| Henry Naseher | $141 35 |
| Anthony Lavere | 215 30 |
| John Boushire | 192 01 |
| Nelson Boushire | 134 70 |
| David Boushire | 141 63 |
| Ambrose Petie | 113 67 |
| Edward Perso | 136 23 |
| Morris Messay | 92 42 |
| Augustus Demore | 119 90 |
| William Santain | 53 81 |
| Maxim Santain | 87 98 |

[That such laborers and each of them were Canadian Frenchmen who came to Coxsackie to labor during the brick-making season, and, at the end of the season, receiving their wages, to return again to Canada, where they reside. That on or about the 21st December, 1869, after the season of labor was ended and they had settled up with their employer, the bankrupt, and found the amount due each of them, respectively, as above stated, the said bankrupt had no money to pay them], [2] [nor the means to get money to pay them or any part of such indebtedness, nor had any or either of said persons any money or credit in Coxsackie, and most of them being in a destitute condition for necessary clothing, and all of them desiring to go to Canada where they resided, and amongst their friends and countrymen applied to Henry Larue, one of their countrymen, a laborer and hard-working man, who, by many years of hard labor and economy had saved a little money, and requested him to advance money to them so that they could pay their expenses home. That upon the urgent and repeated solicitations of each of said laborers] [3] [Larue advanced ten dollars to each of said persons, on the respective account of each, under an agreement that he, said Larue, was to draw the money of each of said persons, and pay himself the ten dollars and interest, and any expense necessarily incurred, and pay over to each of said persons the whole balance of the money due to such persons for labor as aforesaid. That in order to carry out such arrangement, the parties went to Simpson S. Bell, who was not a lawyer, but a justice of the peace, who drew up papers for the purpose of carrying out such agreement. That said Bell drew up an absolute assignment of each of said claims, which was signed by each of said parties and by said Bell as a witness, and delivered such papers to Henry Larue, who then and there paid over ten dollars ($10.00) to each of said parties, besides paying two or three dollars for stamps and expenses, which money the parties (laborers) respectively received and went to Canada, where they now reside, or where most of them do reside. Henry Larue appeared before the register on the 4th of April, 1870, at Catskill, in person, and by his attorney, Wm. E. Leete, of Coxsackie, New York, and presented to the register the said written assignments of said demands, and by his said attorney submitted to said register orally, and also in writing of a prior date, a demand that such claims be allowed against the said estate respectively to each of the persons above-named, and that they be entitled respectively to a priority or preference to the amount of fifty dollars each, being for wages due to an operative, for labor performed within six months next preceding the adjudication in bankruptcy in this cause, under and by virtue of section 27 of the Bankrupt Act of 1867; the assignee claimed and demanded of the aforesaid register, that after paying the said Henry Larue the amount of money actually paid out, and interest and expenses as aforesaid, the balance of the said claim be paid over to the said persons, their attorneys, executors, administrators, or assigns, respectively; and the said Henry Larue now claims and demands that this court allow and pay for the benefit of each of said laborers the sum of fifty dollars ($50) each, out of said bankrupt's estate, as being a lien or liens prior to other creditors, on account of each of said claims, being for the labor of an operative, for labor performed within six months next preceding the adjudication of bankruptcy in this matter. Wm. E. Leete, Attorney.] [4]

By Theodore B. Gates, Register:

[Respectfully forwarded for disposal of his honor, Judge Blatchford.] [4]

BLATCHFORD, District Judge. The claims and demands above named ought to be allowed by the register and the assignee.

---

## Case No. 1,975.

### In re BROWN.

[5 Ben. 1; [1] 3 N. B. R. 584 (Quarto, 145).]

District Court, S. D. New York. Jan. 21, 1870.

#### PROOF OF DEBT—JUDGMENT.

A debt, on which a judgment has been entered against the bankrupt after the commencement of the bankruptcy proceedings, may be proved in such proceedings. The case of In re Williams [Case No. 17,704] dissented from.

[Cited in Re Vickery, Case No. 16,930; Re Crawford, Id. 3,363; Re Stevens, Id. 13,-391; Re Mansfield, Id. 9,049; Re Rosey, Id. 12,066; Burpee v. First Nat. Bank of Janesville, Id. 2,185; Re Broich, Id. 1,921; Re Stansfield, Id. 13,294; Bourne v. Maybin, Id. 1,700. Cited but not followed in Re Gallison, Id. 5,203; Boynton v. Ball, 121 U. S. 466, 7 Sup. Ct. 983.]

In bankruptcy.

---

[2] [From 3 N. B. R. 720.]
[3] [From 3 N. B. R. 178 (Quarto).]

[4] [From 3 N. B. R. 720.]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]