In re WESTLUND et al.

(District Court, D. Minnesota, Fourth Division. February 14, 1900.)

No. 329.

BANKRUPTCY—PRIORITY OF LABOR CLAIMS—ASSIGNMENT.

Under Bankr. Act 1898, § 64b, according priority of payment in full, out of bankrupts' estates, to "wages due to workmen, clerks or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant," a claim for wages of labor so earned, which has been assigned to a third person, and is held by such assignee at the commencement of the proceedings, is not entitled to priority.

In Bankruptcy. On question certified by referee in bankruptcy.

Francis Bergstrom, for appealing creditors.
Chas. R. Fowler, for trustee.

LOCHREN, District Judge. In this case creditors who were owners by assignment of claims for labor performed for the bankrupt within three months before the date of the commencement of the bankruptcy proceedings—each separate claim so assigned being less than $300—duly filed and made proof of such claims; and the question certified by the referee for decision is whether such claims, so owned, are debts having priority. The answer to this question depends upon the proper construction of that clause of section 64b of the bankruptcy act which gives priority to "wages due to workmen, clerks or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant." This language requires

that a debt for wages, to have priority, must be due to the wage earner. If the claimant entitled to priority might be an assignee, there would be no reason why such claimant should be restricted to $300, as he might be the owner of many small claims, each less than that amount, but aggregating more. The clause referred to is intended to favor the class whose reliance for the maintenance of themselves and families is generally upon their wages, as earned. There is nothing in the nature of security or lien for the payment of the wages which could pass to an assignee. No right to priority arises or exists until the proceeding in bankruptcy is instituted, and then the wages assigned are not "due to workmen, clerks or servants," but to their assignees, and are outside the language of this clause. If debts for wages so assigned can be allowed priority, they may come in conflict, or at least in competition, with other claims for wages due and owing to the same workmen, clerks, or servants, earned within the same three months, and lessen the payments, if the assets will not pay in full all debts having priority. It must be held, therefore, that debts of a bankrupt for labor and services which at the commencement of the proceedings in bankruptcy are not due to the workmen, clerks, or servants, but to assignees, have no priority.