### In re CAMPBELL.

(District Court, E. D. Wisconsin. July 7, 1900.)

BANKRUPTCY—PREFERRED CLAIMS—WAGES DUE LABORERS.

The claim of a laboring man against an estate in bankruptcy for wages, for services rendered the bankrupt, which is assigned after the filing of the petition in bankruptcy, is entitled to allowance, under Bankr. Act, § 64b, as a preferred claim in the hands of the assignee.

In Bankruptcy. On question certified by the referee,—whether the claims of four laborers for wages earned within three months before the date of filing the petition in bankruptcy, respectively amounting to $41.47, $26.82, $25, and $20.28, all assigned to the claimant after the commencement of the proceedings in bankruptcy, are entitled to allowance as debts which have priority.

Julius E. Roehr, for claimant.
Nickerson, Roemer & Aarons, for trustee.

SEAMAN, District Judge. Section 64b, Bankr. Act, clearly provides that debts of the character stated shall have priority, and the only question is whether they can be so allowed in favor of an assignee. A provision of like effect under the act of 1867 was construed by Judge Blatchford to authorize such allowance (In re Brown, 4 Ben. 142, Fed. Cas. No. 1,974), and I have observed no ruling otherwise under that act. Counsel for the trustee relies upon the decision of Judge Lochren in Re Westlund (D. C.) 99 Fed. 399, as ruling

contra for the purposes of the present case. That decision is predicated, however, on the fact that the assignment in question was made prior to the filing of the petition, and the wages were not, therefore, due to the workmen at the commencement of the proceedings. Whether such interpretation is correct requires no consideration here, for the reason that the referee certifies (as the undisputed proofs show) that these claims were assigned after the bankruptcy proceedings were commenced. I am of opinion that the claims are entitled to priority in the hands of the assignee, and should be so allowed.