### In re NORTH CAROLINA CAR CO.

(District Court, E. D. North Carolina. September 25, 1903.)

1. BANKRUPTCY—CLAIMS—PRIORITY—WAGES—ASSIGNMENT.
    Bankr. Act July 1, 1898, c. 541, § 64, subsec. 4, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], entitling to priority claims for wages, not exceeding $300 to each claimant, earned within three months before the date of the commencement of bankruptcy proceedings, is for the benefit of the wage earner alone, and does not entitle a bank to priority for money advanced to the insolvent for the payment of pay rolls of such laborers, which the insolvent agreed to assign to the bank.

2. SAME—TRUST FUNDS.
    Where a corporation, before being adjudged a bankrupt, passed a resolution requesting each stockholder to subscribe for 15 per cent. additional stock to pay off outstanding claims, on condition that no sub-

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 536.

scription paid in should be used unless every stockholder paid a like subscription, which they did not do, the corporation was equitably bound to return payments made under such resolution; and hence stockholders having made payments thereunder were entitled to have the same refunded by the corporation's trustee in bankruptcy.

**8. SAME—INTEREST.**

Where stockholders of a corporation paid for certain conditional subscriptions to stock, and the conditions were not complied with by the corporation, but the stockholders did not make a demand for return of the amount so paid prior to the filing of a petition in bankruptcy against the corporation, they were not entitled to interest on the amounts so paid.

In Bankruptcy.

Hinsdale & Hinsdale, W. J. Peele, Alex J. Field, W. N. Jones, Thos. B. Womack, Jos. B. Batchelor, and Spier Whitaker, for creditors.

Ed Chambers Smith, for bankrupt corporation.

PURNELL, District Judge. Two claims are certified by the referee as provided in the statute. The first is as follows:

"The National Bank of Raleigh claims that it is entitled to be subrogated to the right of a laborer's lien for money advanced to pay laborers' wages due by said corporation to its laborers at a time when said corporation acknowledged itself insolvent, and that it was understood and agreed upon between the bank and the corporation that if the money should be advanced, as it afterwards was, that the pay rolls of such laborers so paid would be assigned to said bank, but the pay rolls aforesaid were never actually so assigned; said corporation failing in this agreed duty to the petitioner."

The claim of priority is probably made under section 64b, subsec. 4, Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]—the only section of the act under which it could be made. This section is in these words:

"Wages due to workmen, clerks, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant."

To give a claim priority under this section, it must be due the wage earner. Should such wage earner prove his claim and establish his priority, he could then assign the claim, and the assignee would be subrogated to this priority. But if assigned before being thus proved, the assignee would acquire no more right to priority than the assignee of any other unsecured debt. But it will be noted there was no privity between the wage earner and the bank, and there was no actual assignment. This section is discussed in Re Westlund (D. C.) 99 Fed. 399, 3 Am. Bankr. R. 646; but in that case there was an actual assignment before the bankrupt proceeding, and it was held the assignee was not entitled to priority. There is nothing in the record to entitle claimant to priority. The claim, if allowed, must be as an unsecured one, without priority.

The other question certified applies to two small claims, and is stated thus:

"Ed. Chambers Smith, a creditor, alleges in the petition hereto attached that his claim of $40 and interest should be considered a priority debt, and that he is entitled to have the same paid in full, as said corporation obtained the said amount upon a conditional parol trust, the condition of which was never performed, and therefore the said amount never became any part of the funds of the bankrupt corporation."

The facts set forth, which are not controverted, are that Mr. Smith was a stockholder in the bankrupt corporation, and a resolution was passed by the stockholders requesting each stockholder to subscribe 15 per cent. of additional stock to pay off outstanding claims. It was agreed at the time that no subscription paid in should be used unless every stockholder paid his part—a like subscription—which they did not do. Mr. Smith paid $40 with this understanding. There is no provision in the bankrupt act giving debts of this character priority, but it is provided in the act that, when not otherwise provided, the rules in equity shall control, and the claim should be allowed, not as a priority, but on the ground that the bankrupt corporation had no title to the $40; hence the trustee acquired none. The facts being established or agreed, the general principle of merger, or mixing with other assets, which generally enters into and complicates such claims, does not arise. The bankrupt corporation, through its stockholders, agreed the money should not be used unless every stockholder made or paid a like subscription; hence justice and equity require this money should be returned on a failure of the express condition on which it was paid. There being no demand for the return of the amount prior to the petition in bankruptcy, however, which was very soon after the subscription, the claim for interest cannot be allowed.

This ruling applies to a like claim of Mrs. O. M. Winder for an amount paid under the same circumstances and on the same condition.