In re ST. LOUIS ICE MFG. & STORAGE CO.

(District Court, E. D. Missouri, E. D. July 5, 1906.)

No. 899.

BANKRUPTCY—PRIORITY OF LABOR CLAIMS—RIGHTS OF ASSIGNEE.

Bankr. Act July 1, 1898, c. 541, § 64b, par. 4, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], which accords priority of payment to wages due to workmen, clerks, or servants earned within three months prior to the bankruptcy, does not give such right of priority to one who advanced money to a corporation prior to its bankruptcy, and while a going concern, with which to pay its employés, and took assignments of their claims as security.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 536.]

In Bankruptcy. On review of order of referee.

The following are the facts as certified by the referee:

On December 1, 1905, J. W. Floyd presented to the referee for allowance against the bankrupt estate a claim in the sum of $559.02. The facts out of which said claim arose are as follows: On July 20, 1905, claimant paid to bankrupt the sum of $559.02, and took bankrupt's not therefor, dated on said day, and payable to the order of claimant one day after date, with interest from date at the rate of 6 per cent. per annum. At the time said money was paid to bankrupt by claimant, it was agreed that bankrupt should use part of the money, to wit, the sum of $419.80, to pay the wages then due to its employés for labor performed by them between July 5, and July 19, 1905, and that upon payment to the said employés of the respective amounts due them, they would severally assign to claimant the amount of the debt due them from bankrupt for wages, and that said debts so assigned to claimant by said employés, should be held by claimant as collateral security for the debt due it by bankrupt, amounting to $559.02, and evidenced by note before referred to. Bankrupt, upon receiving said sum of $559.02 from claimant, paid to its employés out of said money the sum of $419.80, being the amount of wages due said employés for services performed as workmen, clerks, or servants, within three months before the date of the commencement of proceedings in bankruptcy; and said employés, upon receiving the sums due them, severally executed a written assignment to claimant of the several sums so paid them.

Upon the foregoing facts, claimant contended that he was entitled, under the terms of section 64b, par. 4, Bankr. Act, July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], to have part of his claim, to wit, said sum of $419.80, allowed as a preferred claim for wages. The referee denied the request of claimant to have the claim so allowed, and on December 1, 1905, made an order, allowing the entire claim as an ordinary unsecured debt in the sum of $559.02.

Geo. R. Lockwood, for claimant.

Alexander Young, for trustee.

FINKELNBURG, District Judge (after stating the facts). Referring to the statement of facts contained in the referee's report and the question therein certified for review to this court, I desire to say that, in my opinion, the claim of priority here made does not come within either the letter or the spirit of the bankrupt law. Section 64b, subd. 4, Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], requires two conditions in order to make it operative, viz.: first,

the wages for which priority is claimed must be due to workmen, clerks or servants; and, second, such wages must have been earned by them within three months before proceedings in bankruptcy.

In the case here under consideration the wages for which a priority is claimed are not due to any workman, clerk, or servant of the bankrupt; they are claimed as due to third persons who advanced money to pay certain workmen about two months prior to the institution of the proceedings in bankruptcy, and while the defendant corporation was a going concern, and those third persons now claim a priority accorded to the workmen under assignments from the latter made at the time the money was advanced. Clearly the claimant is not within the letter of the law, nor do I think he comes within the spirit of the law. It was not the intention of the bankrupt law, and I think it is not within the policy of the bankrupt law that this privilege and advantage accorded to a workman should become the subject of trade and barter, or that it should become a quasi negotiable security to be used as collateral. It was intended to give a preference to a certain class of creditors favored by the law, provided such a class be in existence when the bankruptcy occurs. The privilege has a personal character, and cannot be transferred to others not belonging to that favored class. It was intended to ameliorate to a certain extent the hardship which might otherwise be inflicted on a class suddenly thrown out of employment and with wages in arrears. If earned within three months the law has humanely provided for this class of creditors in such an emergency to the exclusion of all others.

The creditor who now comes does not fall within the class which the law intended thus to favor, and no such emergency has in fact arisen. The workmen were paid several months before the bankruptcy occurred. Besides, I think if these privileges or priorities could be assigned and traded in, it might lead to abuses and complications in various ways not intended by the law, and some of which have been pointed out by Lochren, J., in Re Westlund (D. C.) 99 Fed. 399. I have concluded to follow that decision, and the decision of the referee will therefore be confirmed.